JOHN McKEON, RESPONDENT, *v.* PETER HAGAN AND MARY HAGAN, APPELLANTS, IMPLEADED WITH BELLA McQUADE.

*Married woman — to be liable on a bond secured by a mortgage on her separate estate and given for a debt of her husband, she must expressly charge her separate estate.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury, and from an order denying a motion to set aside said judgment and for a new trial, made upon the minutes of the justice before whom the action was tried.

The action was brought to foreclose a mortgage executed by the defendants. The bond and mortgage were given to secure the repayment to the plaintiff of the amount he had paid in taking up a note of the defendant Peter Hagan.

The court at General Term said : " He paid the note at the request of Peter Hagan, and Peter Hagan and his wife executed a bond to plaintiff for the amount of this payment, which was accompanied by a mortgage executed by Mary Hagan upon her separate estate. It was competent for Mrs. Hagan to execute a mortgage

on her property to pay her husband's debt. (*Corn Exchange Bk. v. Babcock*, 42 N. Y., 613.) The decree erroneously provided for the entry of a judgment for deficiency against Mary Hagan. The bond was not given for her debt. She did not have the money on the note. The bond does not, by its terms, charge the wife's separate property. The case of *Payne* v. *Burnham* (62 N. Y., 74) seems to decide that she is not liable, except so far as the mortgage covers her separate property."

*Richard Busteed*, for the appellants. *Edgar M. Cullen*, for the respondent.

Opinion by BARNARD, P. J., GILBERT and DYKMAN, JJ., concurred.

Judgment and order denying new trial modified, by striking out clause permitting judgment against Mary Hagan for deficiency, and affirmed in other respects, without costs to either party on this appeal.